# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| TERRY E. ALEXANDER, | : |  |
|---|---|---|
| Plaintiff, | : |  |
| VS. | : | 3 : 10-CV-19 (CDL) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : |  |
| Defendant. | : |  |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on March 23, 2010, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the

Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed applications for disability benefits and Supplemental Security Income on March 16, 2005. (T-22). His claims were denied initially and upon reconsideration. (T-275-78). A hearing was held before an ALJ in Athens, Georgia on August 5, 2008. (T-667-683). Thereafter, in a hearing decision dated September 29, 2008, the ALJ determined that the Plaintiff was not disabled. (T-19-28). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-7-9).

*Statement of Facts and Evidence*

The Plaintiff was forty-eight (48) years of age at the time of the hearing before the ALJ, and alleged disability since September 18, 2003, primarily due to back and leg pain and amputation of the lower left leg. (T-359, 670). He has a high school education and past relevant work experience primarily in janitorial and housekeeping services, with past service in the U.S. Army. (T-313, 364). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of below-the-knee amputation of the left leg, spondylosis and degenerative disc disease of the lumbar spine, and hypertension. (T-24). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing a full

2

range of sedentary work activity. (T - 25-26). Although Plaintiff could not return to his past relevant work, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and applied the Medical-Vocational Guidelines to determine that the Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy and thus was not disabled. (T-27).

## DISCUSSION

*Evaluation of subjective complaints of pain*

The Plaintiff argues initially that the ALJ failed to properly consider his subjective complaints of disabling pain. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he

must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, after discussing in detail the Plaintiff's testimony and subjective complaints, and detailing his analysis of Plaintiff's complaints under the relevant legal standards, the ALJ determined that:

> although the evidence shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the pain and other symptoms alleged, the evidence does not support the claimant's allegations of the intensity and persistence of such pain and other symptoms. Specifically, the claimant testified he is unable to work due to low back and right leg pain. As a result of the pain he experiences, the claimant stated he is unable to sit more than 30 minutes and cannot walk without pain. The claimant testified he is able to sleep without difficulty. Daily activities for the claimant were reported as sitting and watching television, walking outside a little, helping his mother cook, reading the newspaper and magazines and walking to the store three to four blocks away several times a week.
>
> While it is recognized the claimant experiences some degree of pain and discomfort as a result of his lumbar spine spondylosis and degenerative disc disease, the evidence and testimony does not establish this pain is of such intensity so as to be disabling. If the claimant were experiencing severe, intractable pain, it is reasonable to assume he would report this information to an examining physician at the VAMC and his medication would be altered or changed. The claimant did not testify as to any significant side effects from medication he takes. Neither has the claimant been instructed by an examining physician to refrain from engaging in activities performed at the sedentary level of exertion. The claimant testified he spends most of his day sitting with some walking, which is consistent with work activities performed at the sedentary level of exertion. The claimant's daily activities, including watching television and reading show his concentration skills are not significantly diminished so as to preclude him from engaging in sedentary work. For these reasons, the claimant's subjective allegations are not considered fully credible.
>
> (T - 26).

The ALJ detailed the Plaintiff's medical treatment, including treatment for low back pain, diagnosis of disc herniation, a below-the-knee amputation of the left leg due to a crushing injury, and ongoing treatment for hypertension. (T - 25). The ALJ detailed and properly analyzed the Plaintiff's allegations of disabling pain under the pain standard, finding that the Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not credible to the extent that these statements were inconsistent with the lack of objective medical findings and daily activities as described by the Plaintiff.

Although the Plaintiff asserts that the ALJ failed to properly consider all of the medical evidence of record, and argues that the medical record evidences ongoing and worsening pain due to Plaintiff's back and leg conditions, the ALJ's decision reveals that he properly considered the medical evidence, including that evidence regarding Plaintiff's degenerative disc condition, in determining the Plaintiff's residual functional capacity. The ALJ noted the Plaintiff's ruptured disc condition and prosthesis difficulties, but found that these conditions did not prevent the Plaintiff from performing sedentary work activity, in which the Plaintiff would be called upon to sit during most of an eight-hour work day and occasionally lift up to ten (10) pounds. (T - 25-26). The ALJ properly reviewed and relied upon the objective medical evidence and Plaintiff's testimony to find Plaintiff not disabled. This medical evidence consisted of relatively normal musculoskeletetal and neurological findings throughout Plaintiff's treatment through the Veterans' Administration, a lack of complaint from the Plaintiff regarding significant side effects of medication, and a lack of restriction on Plaintiff's physical activities. (T - 454, 455, 475, 527, 562, 563, 675, 680). As the Commissioner points out, it is not the role of the Court to reweigh the evidence of record, but only to determine whether the ALJ's decision is supported by substantial evidence. *Barnes v. Sullivan*, 932

F.2d 1356,1358 (11th Cir. 1991); *Crawford v. Comm'r. of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004).

Thus, the ALJ adequately considered the Plaintiff's subjective accounts of pain and physical limitation, and did so pursuant to the governing rulings and regulations, specifically Social Security Ruling 96-7p. The ALJ also provided adequate and specific reasons for discrediting Plaintiff's subjective accounts, relying on the objective medical record and Plaintiff's own testimony regarding his daily activities that conflicted with the Plaintiff's allegations of disabling impairment.

*Obesity*

The Plaintiff also argues that the ALJ failed to properly consider the effect of his obesity as contributing to his disability. However, the Plaintiff did not allege that his weight or obesity was a factor to be considered in his original disability claim. (T - 85-87). The Plaintiff has failed to point to any specific limitations created by his obesity as impacting his ability to perform substantial gainful activity or causing a severe impairment. As the Commissioner points out, the Plaintiff has failed to show that his obesity prevented him from performing the full range of sedentary work, which is the Plaintiff's residual functional capacity as determined by the ALJ.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 7th day of January, 2011.

                                              **s/ *THOMAS Q. LANGSTAFF***
                                              **UNITED STATES MAGISTRATE JUDGE**

asb